IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY C. GUNTER, | * | |
| | * | |
| Plaintiff, | | Civil Action No. RDB-20-3410 |
| | * | |
| v. | | |
| | * | |
| ALUTIIQ ADVANCED SECURITY SOLUTIONS, LLC, | * | |
| | | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

*Pro se* Plaintiff Anthony C. Gunter ("Plaintiff" or "Gunter") has filed an eight-count Fourth Amended Complaint ("Complaint") raising various employment-related claims against Defendant Alutiiq Advanced Security Solutions, LLC ("Defendant" or "Alutiiq").[1] (Fourth Am. Compl., ECF No. 35.) In his Complaint, Gunter alleges the following causes of action: retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* (Count One); discrimination in violation of the ADEA (Count Two); hostile work environment in violation of the ADEA (Count Three); retaliation in violation of the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't §§ 20-602 *et seq.* (Count Four); discrimination in violation of the MFEPA (Count Five);

---

[1] Gunter has previously been represented in this case by two sets of attorneys. This Court granted the motion to withdraw of Gunter's first attorney on May 18, 2021. (ECF No. 17.) Gunter's second set of attorneys moved to withdraw on September 13, 2021, three days after Gunter's deposition. (ECF No. 40.) This Court granted that motion on September 29, 2021. (ECF No. 41.) The Clerk of this Court sent Gunter correspondence noting that in accordance with Local Rule 101.2, he would be proceeding *pro se* unless and until new counsel entered an appearance. (ECF No. 42.)

hostile work environment in violation of the MFEPA (Count Six); retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h) (Count Seven); and whistleblower retaliation in violation of the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 2409 (Count Eight). (ECF No. 35 ¶¶ 63-112.) Presently pending before this Court are Gunter's Motion for Summary Judgment (ECF No. 43) and Alutiiq's Motion for Extension of Time to Respond to Motion for Summary Judgment (ECF No. 47). The parties' submissions have been reviewed, and this Court has addressed these matters on the record at an evidentiary hearing conducted on April 14, 2022. For the reasons set forth on the record and as supplemented below, Gunter's Motion for Summary Judgment (ECF No. 43) is DENIED WITHOUT PREJUDICE, and Alutiiq's Motion for Extension of Time (ECF No. 47) is MOOT.

**BACKGROUND**

Plaintiff Gunter is a 52-year-old Maryland resident. (ECF No. 35 ¶ 3.) He is an active-duty military veteran with experience in law enforcement, security, and "protecting military and government assets." (*Id.* ¶¶ 22-23.) Defendant Alutiiq is "a large federal contractor that provides a wide array of law enforcement and other services on behalf of the federal government and its agencies in installations throughout the country." (*Id.* ¶ 5.) In particular. Alutiiq has a federal contract whereby it provides law enforcement services for the United States Coast Guard facility located at 2401 Hawkins Point Road in Baltimore Maryland, which is known as the United States Coast Guard ("USCG") Yard. (*Id.*) In or around April 2017, Gunter began working for Alutiiq as an Access Control Officer at the USCG Yard in

Baltimore. (*Id.* ¶¶ 18-19.) At the time of his employment, Gunter was the oldest Access Control Officer employed by Alutiiq at the USCG Yard. (*Id.* ¶ 25.)

Gunter alleges that throughout the course of his employment with Alutiiq, he was forced to take and pass various physical readiness tests to which younger employees were not subject. (*Id.* ¶¶ 27-29.) Gunter also alleges that he was passed over twice for promotion to a Lead Officer position. Gunter further alleges that that in July 2019 he contacted the Office of Inspector General ("OIG") for the Department of Homeland Security ("DHS") to report that he believed that Alutiiq had been submitting fraudulent time and attendance records in connection with its work at the USCG Yard in Baltimore. (*Id.* ¶¶ 48-49.) Gunter alleges that he informed his supervisor about the OIG complaint. (*Id.* ¶ 50.) Gunter further alleges that after he was not selected the second time for a Lead Officer position, his supervisor informed him by text message that no recommendation on his behalf would have made a difference because the supervisor had informed Alutiiq officials about the OIG complaint.[2] (*Id.* ¶ 55.)

On or about August 27, 2019, Gunter filed a charge of discrimination with the Baltimore Field Office of the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 57.) Gunter informed his supervisor that he filed the charge because he had not been selected for the Lead Officer position and because of alleged ongoing discrimination at Alutiiq. (*Id.* ¶ 58.) On September 10, 2019, Gunter received a text message from his

---

[2] This text message, among others, is the subject of Alutiiq's pending Motion for Sanctions and Dismissal. (ECF No. 50.) This Court heard evidence and argument on that motion at the April 14, 2022 hearing. (Memorandum Order, ECF No. 57; Scheduling Order, ECF No. 59; *see also* Report and Recommendation, ECF No. 53.) In due course, this Court will issue an opinion resolving that motion.

supervisor informing him that he was terminated. (*Id.* ¶ 60.) Gunter alleges that his supervisor did not inform him why he was being terminated.[3] (*Id.*)

On August 24, 2020, finding no discrimination, the EEOC issued Gunter a Dismissal and Notice of Rights, informing him that he had 90 days within which to file suit against Alutiiq if he wished to pursue his claims. On November 23, 2020, Gunter filed his original complaint with this Court. (ECF No. 1.) On November 13, 2020, Gunter submitted a whistleblower retaliation complaint to the DHS OIG. (ECF No. 35 ¶ 15.) By letter dated December 30, 2020, the DHS OIG informed Gunter that it had initiated an administrative whistleblower retaliation investigation based on his complaint. (*Id.* ¶ 16.) On August 25, 2021, Gunter filed the operative Fourth Amended Complaint. (ECF No. 35.) On October 29, 2021, Gunter filed the presently pending Motion for Summary Judgment. (ECF No. 43.) On November 2, 2021, this Court referred this case to Magistrate Judge Coulson for all discovery and related scheduling matters. (ECF No. 45.) On November 8, 2021, Alutiiq filed a motion to extend to the time to respond to the pending summary judgment motion. (ECF No. 47.)

## ANALYSIS

Gunter's Motion for Summary Judgment is subject to denial without prejudice because it is premature. "Ordinarily, summary judgment is inappropriate without the opportunity for 'reasonable discovery.'" *Josiah v. Advanced Behavioral Health, Inc.*, Civil Action

---

[3] In the middle of Gunter's deposition on September 10, 2021, this Court conducted an off-the-record telephone conference with the parties in response to concerns that Gunter had not produced relevant text messages. (Letter Order, ECF No. 39.) This Court ordered that Gunter produce his cell phone to Alutiiq that very day for a forensic examination. That examination revealed six previously unproduced text messages dated from August 31, 2019 through September 5, 2019 which address the circumstances of Gunter's termination. (ECF No. 50-1 at 9-11.)

No. PX 18-0004, 2018 U.S. Dist. LEXIS 126586, at *8 (D. Md. July 30, 2018) (citing *Sager v. Hous. Comm'n of Anne Arundel Cty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012)); *see also E.I. de Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). In this case, the record reflects that discovery has been stayed since November 10, 2021 pending the resolution of Alutiiq's Motions for Sanctions and Dismissal. (Order, ECF No. 49 at 2.) Indeed, the resolution of Alutiiq's motion may render the matter of summary judgment moot. Accordingly, this Court concludes that it is "in the interest of the effective management of this case" to deny Gunter's Motion for Summary Judgment without prejudice subject to renewal at the close of discovery. *Norris v. PNC Bank, N.A.*, No. ELH-20-3315, 2021 U.S. Dist. LEXIS 220079, at *8 (D. Md. Nov. 12, 2021) (denying without prejudice a motion for summary judgment filed before the completion of discovery).[4]

## CONCLUSION

For the reasons stated above, it is HEREBY ORDERED this 14th day of April 2022 that:

1. Gunter's Motion for Summary Judgment (ECF No. 43) is DENIED WITHOUT PREJUDICE;
2. Alutiiq's Motion for Extension of Time to Respond to Motion for Summary Judgment (ECF No. 47) is MOOT; and
3. The Clerk of this Court shall transmit a copy of this Memorandum Order to Counsel of record and to the *pro se* Plaintiff.

---

[4] Alutiiq has filed a motion to extend the time to respond to Gunter's Motion for Summary Judgment. (ECF No. 47.) In light this Court's conclusion that Gunter's motion is subject to denial without prejudice as premature, Alutiiq's motion to extend time is MOOT.

                     _____/s/_____
                     Richard D. Bennett
                     United States District Judge