IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY C. GUNTER, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. RDB-20-3410 |
| | * | |
| v. | * | |
| | * | |
| ALUTIIQ ADVANCED SECURITY SOLUTIONS, LLC, | * | |
| | * | |
| Defendant. | * | |

*     *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM OPINION

*Pro se* Plaintiff Anthony C. Gunter ("Plaintiff" or "Gunter") has filed an eight-count Fourth Amended Complaint ("Complaint") raising various employment-related claims against Defendant Alutiiq Advanced Security Solutions, LLC ("Defendant" or "Alutiiq").[1] (Fourth Am. Compl., ECF No. 35.) In his Complaint, Gunter alleges the following causes of action: retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.* (Count One); discrimination in violation of the ADEA (Count Two); hostile work environment in violation of the ADEA (Count Three); retaliation in violation of the Maryland Fair Employment Practices Act ("MFEPA"), Md. Code Ann., State Gov't §§ 20-602 *et seq.* (Count Four); discrimination in violation of the MFEPA (Count Five);

---

[1] Gunter has previously been represented in this case by two sets of attorneys. This Court granted the motion to withdraw of Gunter's first attorney on May 18, 2021. (ECF No. 17.) Gunter's second set of attorneys moved to withdraw on September 13, 2021, three days after Gunter's deposition. (ECF No. 40.) This Court granted that motion on September 29, 2021. (ECF No. 41.) The Clerk of this Court sent Gunter correspondence noting that in accordance with Local Rule 101.2, he would be proceeding *pro se* unless and until new counsel entered an appearance. (ECF No. 42.)

hostile work environment in violation of the MFEPA (Count Six); retaliation in violation of the False Claims Act, 31 U.S.C. § 3730(h) (Count Seven); and whistleblower retaliation in violation of the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 2409 (Count Eight). (ECF No. 35 ¶¶ 63-112.) Presently pending before this Court is Magistrate Judge J. Mark Coulson's Report and Recommendation (ECF No. 53) on Alutiiq's Motion for Sanctions and Dismissal (ECF No. 50). Alutiiq has filed objections to that Report and Recommendation (ECF No. 54) to which Gunter has responded (ECF No. 56). Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5.b, this Court received further evidence on this matter and heard the arguments of counsel and the parties at a hearing on April 14, 2022. For the reasons that follow, this Court ADOPTS IN PART and MODIFIES IN PART Magistrate Judge Coulson's Report and Recommendation. Accordingly, Alutiiq's Motion for Sanctions and Dismissal is GRANTED IN PART AND DENIED IN PART.

## BACKGROUND

This Court has detailed the factual allegations of Gunter's Fourth Amended Complaint in its Memorandum Order of April 14, 2022. (ECF No. 66.) In the middle of Gunter's deposition on September 10, 2021, this Court conducted an off-the-record telephone conference with the parties in response to concerns that Gunter had not produced relevant text messages. (Letter Order, ECF No. 39.) This Court ordered that Gunter produce his cell phone to Alutiiq that very day for a forensic examination. That examination revealed six previously unproduced text messages dated from August 31, 2019 through September 5, 2019 which address the circumstances of Gunter's termination. (ECF No. 50-1 at 9-11.) Three days later, Gunter's counsel moved to withdraw from representing him.

(ECF No. 40.) On October 29, 2021, Gunter filed a *pro se* Motion for Summary Judgment.[2] (ECF No. 43.) On November 2, 2021, Alutiiq wrote a letter to the Court indicating that it wished to file a motion for sanctions on the basis of "an urgent and on-going discovery dispute." (ECF No. 44.) That same day, this Court referred this case to Magistrate Judge Coulson for discovery and all related scheduling. (ECF No. 45.)

On November 19, 2021, Alutiiq filed the presently pending Motion for Sanctions and Dismissal. (ECF No. 50.) In that motion, Alutiiq contends that Gunter has falsified several text messages he has produced in support of his claims.[3] (*See* ECF No. 50-1 at 5-8 (reproducing what Alutiiq contends are the fraudulent text messages as well as the authentic versions).) Alutiiq argues that this Court should exercise its discretion to dismiss the entire case on the basis on Gunter's misconduct and to award Alutiiq fees in compensation for the costs incurred to investigate that misconduct. On December 28, 2021, Judge Coulson issued a Report and Recommendation in which he recommended that this Court grant in part and deny in part Alutiiq's Motion for Sanctions and Dismissal. (ECF No. 53.) Specifically, Judge Coulson determined that he did not have before him sufficient evidence "to conclude that Plaintiff fabricated text messages so as to justify dismissal of his case for malfeasance at this stage." (ECF No. 53 at 6.) Judge Coulson concluded, however, that under Federal Rule of Civil Procedure 37(e), Gunter should be precluded from further relying upon the July 29, 2019 and August 20, 2019 text messages. (*Id.* at 9.) Finally, Judge Coulson recommended

---

[2] In its April 14, 2022 Memorandum Order, this Court denied that motion without prejudice subject to renewal at the close of discovery. (ECF No. 66.)

[3] The text messages at issue are (1) a July 29, 2019 text message to Gunter from his supervisor Lt. Caster (the "IG text message") and (2) a series of text messages on August 20, 2019 from Gunter to Caster (the "FMLA text messages"). (ECF Nos. 50-2, 50-3, 50-4, 50-5.)

that this Court impose monetary sanctions against Gunter under Federal Rule of Civil Procedure 26(g) because of his failure to produce relevant information located on his cell phone. (*Id.* at 10.)

On January 11, 2022, Alutiiq filed timely objections to Judge Coulson's Report and Recommendation. (ECF No. 54.) Alutiiq requested that it be permitted to engage a forensic expert to examine the cell phones and data in question and to present any findings to this Court at an evidentiary hearing. Gunter opposed further discovery on the matter of the allegedly fraudulent text messages. (ECF No. 56.) This Court determined that it would receive further evidence on the allegedly fraudulent text messages and permitted a 45-day period of discovery during which Alutiiq would have the opportunity to engage a forensic expert. (ECF Nos. 55, 57.) On March 3, 2022, Alutiiq provided a status report to the Court noting that the 45-day period had run and attaching the report of its expert, J. Christopher Racich of Vestigant LLC. (ECF No. 58.) On April 14, 2022, this Court held an evidentiary hearing at which it heard the testimony of Mr. Racich and the arguments of counsel and the parties.[4]

## STANDARD OF REVIEW

## I.     Review of a Magistrate Judge's Report and Recommendation

When reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court reviews de novo any

---

[4] Gunter chose not to call any witnesses at the hearing. He did, however, cross examine Mr. Racich and present argument.

portions of the report and recommendation to which a specific objection is made, *id.*, but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. *Solis v. Malkani*, 638 F.3d 269, 274 (4th Cir. 2011) (citing *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983)). A district court may also receive further evidence in connection with its review of a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Doe v. Chao*, Nos. 00-2247, 00-2292, 2002 U.S. App. LEXIS 28140, at *26 n.9 (4th Cir. Sep. 20, 2002).

## II.   Sanctions Under Federal Rules of Civil Procedure 41(b) and 37(e)

Rule 41(b) of the Federal Rules of Civil Procedure permits a defendant to move for involuntary dismissal of an action "[f]or failure of the plaintiff to prosecute or comply with these rules or any order of court." However, "[a] dismissal with prejudice [under Rule 41(b)] is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Herbert v. Saffell*, 877 F.2d 267, 269-270 (4th Cir. 1989) (quoting *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (citations omitted)). The United States Court of Appeals for the Fourth Circuit has articulated four factors that district courts must consider before dismissing a case under Rule 41(b): "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990) (citing *Herbert*, 877 F.2d at 270).

Federal Rule of Civil Procedure 37(e) provides that "if electronically stored information that should have been preserved in the anticipation or conduct of litigation is

lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court" may issue impose sanctions, up to and including dismissal if it finds "that the party acted with the intent to deprive another part of the information's use." The four factors courts consider when deciding whether to dismiss on the basis of a Rule 37 violation are similar to those considered under Rule 41(b): (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice suffered by the other party as a result of the failure to comply; (3) the deterrent value of dismissal as a sanction for non-compliance; and (4) the efficacy of a less drastic sanction. *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001); *see also Hill v. B. Frank Joy, LLC*, Civil Action No. TDC-15-1123, 2021 U.S. Dist. LEXIS 216611, at *4-5 (D. Md. Nov. 8, 2021).

## III.   Inherent Power of the District Court to Dismiss a Case Based on Party Wrongdoing

The United States Court of Appeals for the Fourth Circuit "review[s] a district court's decision to exercise its inherent power to dismiss a case for an abuse of discretion." *Projects Mgmt. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013) (*United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993)). "Federal courts have the inherent power to dismiss an action with prejudice as a sanction." *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 158 (4th Cir. 2017); *see also Dewitt v. Ritz*, Civil Action No. DKC 18-3202, 2021 U.S. Dist. LEXIS 45869, at *6 (D. Md. Mar. 10, 2021). "This power is organic, without need of a statute or rule for its definition, and it is necessary to the exercise of all other powers." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 461 (4th Cir. 1993). "The courts' inherent powers exist to preserve the integrity of the judicial process and the resources needed to resolve disputes in an orderly

and expeditious manner—two indispensable assets in any nation dedicated to the rule of law." *In re Jemsek*, 850 F.3d at 157 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-46, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

The Fourth Circuit has recognized that "when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process, the court has the inherent power to dismiss the action." *Shaffer*, 11 F.3d at 462. Nevertheless, "[m]indful of the strong policy that cases be decided on the merits, and that dismissal without deciding the merits is the most extreme sanction, a court must not only exercise its inherent power to dismiss with restraint, but it may do so only after considering several factors." *Id.*

Before exercising its inherent power to dismiss a case based on the wrongdoing of a party in the judicial process,

> a court must consider the following factors: (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*Projects Mgmt. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373-74 (4th Cir. 2013) (citing *Shaffer*, 11 F.3d at 462-63). Notably, "[w]hile a district court acting under Rule 37(b) of the Federal Rules of Civil Procedure would be constrained by the terms of that Rule, a court acting under its inherent authority may impose sanctions for any 'conduct utterly inconsistent with the orderly administration of justice.'" *Projects Mgmt*, 734 F.3d at 375 (citing *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). "[A] district court exercising its inherent

authority to impose sanctions may do so sua sponte and must consider the whole of the case in choosing the appropriate sanction." *Projects Mgmt.*, 734 F.3d at 375.

"There is no rule or required procedure for assessing a litigant's alleged misconduct, and a request for sanctions can arise in a variety of circumstances. The bedrock fundamental principle, however, is that a litigant must have notice and an opportunity to be heard before sanctions are imposed." *Dewitt v. Ritz*, Civil Action No. DKC 18-3202, 2021 U.S. Dist. LEXIS 45869, at *8-9 (D. Md. Mar. 10, 2021) (citing *Chambers*, 501 U.S. at 50).

## ANALYSIS

### I.    Sanctions Short of Dismissal Are Appropriate in This Case

The issue before this Court is narrow. The parties have raised limited objections to Judge Coulson's Report and Recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). Alutiiq objects to the extent Judge Coulson concluded that dismissal of this case was improper in the absence of sufficient forensic evidence demonstrating Plaintiff's misconduct. Gunter objects *only* insofar as Judge Coulson recommended that he be ordered to pay Alutiiq's fees for the court-ordered September 10, 2021 forensic download which revealed previously unproduced text messages.[5] With respect to Alutiiq's objection, this Court permitted additional discovery and heard the testimony of J. Christopher Racich on the subject of the allegedly fraudulent

---

[5] Alutiiq has reproduced those six text messages in its brief in support of the Motion for Sanctions and Dismissal. (ECF No. 50-1 at 9-11.)

July 29, 2019 and August 20, 2019 text messages. This Court concluded on the record that the printout text messages Gunter produced in discovery were in fact fraudulent.[6] Gunter acknowledged that he accepted Judge Coulson's recommendation that he not be permitted to rely on those messages, but urged this Court not to dismiss the entire case on the basis of those texts alone.

While Plaintiff's conduct with respect to the text messages at issue was egregious[7], this Court will exercise its discretion not to dismiss the entire case and will instead preclude Plaintiff from relying on those messages both at the motions stage and at trial. In addition, Alutiiq will be permitted to introduce both the fraudulent and the authentic versions of the text messages to attack Plaintiff's credibility before the finder of fact. This Court notes that whether it analyzes this matter under Rules 41(b) and 37(e) or this Court's inherent powers to sanction litigation misconduct, this Court is required to consider whether sanctions short of dismissal will be sufficient. In this case, this Court concludes that dismissal would be too harsh a sanction, especially in light of the preference of the United States Court of Appeals for the Fourth Circuit that cases be decided on their merits. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978). Plaintiff is admonished, however, that further misconduct in this case may result in more severe sanctions, up to and including dismissal.

---

[6] At the hearing, Gunter argued that the screenshots of the authentic text messages on his supervisor's iPhone may have been photoshopped and that the data supporting those messages on the iPhone had been overwritten. As Gunter acknowledged, there is absolutely no evidence supporting either contention.

[7] Plaintiff bears a high degree of culpability. "Submitting a false discovery document—or fabricating evidence—has been referred to as 'the most egregious misconduct which justifies a finding of fraud upon the Court.'" *Davis v. Crescent Elec. Co.*, No. CIV 12-5008, 2016 U.S. Dist. LEXIS 53241, 2016 WL 1625291, at *3 (D.S.D. Apr. 21, 2016) (citations omitted).

II.     **Alutiiq is Entitled to Fees**

This Court concludes that Alutiiq is entitled to recover certain fees it has incurred as a result of Plaintiff's misconduct. First, this Court adopts Judge Coulson's reasoning for imposing sanctions under Feder Rule of Civil Procedure 26(g) due to Plaintiff's failure to produce relevant text messages relating to his termination.[8] (ECF No. 53 at 9-10.) Accordingly, Plaintiff must reimburse Alutiiq for the cost of the forensic examination this Court ordered on September 10, 2021. In addition, this Court concludes that Plaintiff must reimburse Alutiiq for the cost of engaging Mr. Racich to investigate the July 29, 2019 and August 20, 2019 fraudulent text messages. The United States Supreme Court has recognized that courts have inherent powers that allow them to impose sanctions when a fraud has been practiced upon the court. In *Roadway Express v. Piper*, 447 U.S. 752, 765 (1980), the Supreme Court reaffirmed the "well-acknowledged inherent power of a court to levy sanctions in response to abusive litigation practices." *See, e.g.*, *Estate of Mary Sue Welsh v. Michaels Stores, Inc.*, Civil Action No. CCB-19-988, 2021 U.S. Dist. LEXIS 115155, at *16 (D. Md. June 21, 2021) (imposing monetary sanctions for litigation misconduct pursuant to "the court's inherent power to sanction"). Alutiiq was forced to incur the cost of retaining an expert because of Plaintiff's misconduct with respect to the fraudulent text messages. Therefore, monetary sanctions against Plaintiff are appropriate.

Alutiiq shall submit its fee petition by May 18, 2022. Gunter shall submit his response, if any, by June 1, 2022. To the extent Gunter argues that he is unable to pay

---

[8] Gunter did not object to the reasoning behind Judge Coulson's determination. Instead, he raised the argument that he does not have the ability to pay fees. (ECF No. 56 at 3.)

Alutiiq's fees, Gunter shall file UNDER SEAL with a copy to counsel for Alutiiq detailed

financial information to permit this Court to assess his ability to pay.[9] *See Astornet Techs. v. Bae*

*Sys.*, 201 F. Supp. 3d 721, 729 (D. Md. 2016) (noting that "[a] district court may not impose a

monetary sanction . . . without considering . . . ability to pay"); *see also Salvin v. Am. Nat. Ins.*

*Co.*, 281 F. App'x 222, 226 (4th Cir. 2008); *In re Kunstler*, 914 F.2d 505, 524 (4th Cir. 1990)

("Inability to pay . . . should be treated as reasonably akin to an affirmative defense, with the

burden upon the parties being sanctioned to come forward with evidence of their financial

status.").

## CONCLUSION

For the reasons stated above, this Court ADOPTS IN PART AND MODIFIES IN

PART Judge Coulson's Report and Recommendation (ECF No. 53). Specifically, this Court

concludes that Plaintiff did engage in misconduct in producing the fraudulent July 29, 2019

and August 20, 2019 text messages. This Court determines, however, that sanctions short of

dismissal are appropriate. Accordingly, Plaintiff shall be precluded from relying on those text

messages in this case, and Alutiiq shall be permitted to introduce both the fraudulent and

authentic versions of those messages before the trier of fact to attack Plaintiff's credibility.

Unless this Court determines that he has an inability to pay, pursuant to Federal Rule of Civil

Procedure 26(g) and this Court's inherent power to sanction litigation misconduct, the

Plaintiff Gunter shall reimburse Alutiiq for the cost of the September 10, 2021 forensic

download of his phone and for the cost of engaging the services of J. Christopher Racich.

---

[9] Such submission, if offered, shall include an affidavit describing his ability to pay as well as supporting documentation like tax returns and bank statements.

Alutiiq's Motion for Sanctions and Dismissal (ECF No. 50), therefore, is GRANTED IN

PART AND DENIED IN PART.

A separate Order follows.

Dated: April 18, 2022

_____/s/_____
Richard D. Bennett
United States District Judge