USDC- BALTIMORE
'22 OCT 12 AM 10:11

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

ANTHONY GUNTER

          Plaintiff                    Civil case No. 1: 20-cv-03410

ALUTIIQ ADVANCED SECURITY

SOLUTIONS. LLC.

          Defendant.

PLAINTIFFS MOTION TO RECUSE

Now comes Anthony Gunter the Plaintiff and moves to Recuse judge Julie Rebecca Rubin from the above entitled matter. Under 28 USCS sec 455, 29 CFR 2200.68 (c) request for recusal and Marshall v Jerrico Inc, 446 US 238,242, 100 S ct. 1610, 64L. Ed 2d 182 (1980). The neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law. The above is applicable to this court by application of Article VI of the United States Constitution and the 14th Admendment. The Due Process clause of the United States Constitution require Judges to recuse themselves from cases where there is a

strong possibility that the Judge's decision will be biased. Judge Rubin has expressed directly an opinion about the merits of this case, see State v Hill 45 N.C App. 136 91980) and Hay Slip v Douglas 400 So. 2D 553, (Fla 4th DCA (1981). This case was reassigned to judge Rebecca Julie Rubin on 4/29/2022 and The Honorable judge Richard D. Bennett was the original judge. Now without rehashing the entire record the defendant filed a motion for sanctions (ECF No. 50.) Judge Bennett referred this case to the honorable judge Mark Coulson (ECF No. 45) for a report and recommendations judge Coulson issued a report and recommendation on 12'28'2021 (ECF No. 53). Judge Bennett went further and allowed the defendant to engage a forensic expert and conducted a motions hearing on 4/14/2022 (ECF No. 62) and then Judge Bennett issued an order on 4/18/2022 (ECF No. 68). Now in judge Coulson report he recommended against dismissal of this case as a sanction, in judge Bennetts order he two did not order dismissal and clearly explained the reason why it would not be proper and literally did not warrant dismissal. Now on 10/06/2022 judge Rubin conducted a telephone conference on the record (ECF No. 78), and it is during this conference that judge Rubin made it clear to me that she has a bias and can not be impartial in this case. Judge Rubin said on the record that the court did not have to assess a party's ability to pay a court ordered sanction which is completely false. Like judge Bennett sited in his order (ECF No. 68) A court must assess ability to pay see Astornet Techs. v. Bae Sys, 201 F Supp. 3D 721,729 (Md. 2016) noting that a district court may not impose a monetary sanction without considering ability to pay, also see Salvin v. Am. Nat Ins, Co, 281 F Appx 222, 236 (4th Cir 2008) In re Kunstler, 914 F. 2D 505, 524 (4th Cir 1990). Inability to pay should be treated as reasonably akin to an affirmative defense. Judge Rubin went on to say that I needed to convince her not to dismiss this case in spite of two federal judges orders to not dismiss this case. Now the Honorable judge Richard Bennett is an Article III federal judge on senior status and is more than capable of evaluating a case and issuing the correct order based on the law and not his personal feeling. The court of appeals has said that Rule 60 (b) did not allow the second judge to substitute his own findings over the findings of the first judge, further no trial judge can reconsider or modify the decision of another see Woolridge, 357 N. C. At 550,

592 S. E. 2D at 194. Judge Rubin went on to say that she had some limitless discretion that allowed her to overrule Judge Bennetts order and she had absolute authority to ignore any order of the court and dismiss this case period. She even went on to ask the defendants attorney Mr. Seagull if he could come up with any additional evidence to justify her dismissal of this case. Mr. Seagul stated on the record that the plaintiff could not prove retaliation and judge Rubin said yeah I know and I agree, which clearly shows that she has reached a conclusion without the benefit of a trial and the presentation of any evidence. To overrule a District Court Judge is the function of a higher court and not a fellow District Court Judge in the same Court. Now the Supreme Court has held that there has to be a showing of material change in circumstances see (Duvall, 304 N.C. at 562, 284 S. E. 2D at 498-99) also see Calloway v. Ford Motor Co. 189 S. E. 2D 484 (1972) 281 N. C 496. this is commonly referred to as the Calloway test. " The Supreme Court has held that the normal reviewing function of appellate courts would be usurped akin to judge shopping if District Court Judges could simply overrule or modify another judges findings and orders without a clear change in circumstances. Further a judge must be able to delineate the change in circumstances that justifies any modification. There has been no material changes in this case only a change of judges !!! The United States Court of Appeals for the Fourth Circuit reviews a District Court's decision to dismiss a case for an abuse of discretion, see Projects Mgmt. v. Dyncorp Int' LLC, 734 F.3d 366, 373 (4th Cir 2013) and United States v. Shaffer Equip. Co, 11 F. 3D 450, 462 (4th Cir. 1993). A lower court may not rule against a binding precedent, both the Shaffer case and the Calloway cases are binding precedent cases. Once again the Court of Appeals for the Fourth Circuit has made it clear that cases be decided on there merits, in the Shaffer case in particular the court averred that outright dismissal was not required to punish and deter effectively the misconduct in question and to repair the wrongs done to the defendants, Thus the court vacated the judgment and remanded the case back to the District Court. Also see Davis v. Williams,558 F. 2D 69, 70 (4th Cir 1978). Dismissal would be a Deprivation of Right of Due Process to the plaintiff in this case and a clear showing of bias from Judge Rubin, now I expect Judge Rubin to dismiss this case

anyway in spite of the actual rule of law at which time I will file a timely appeal to the Fourth Circuit Court of Appeals and upon remand a new Judge will be assigned!

Respectfully Submitted

date October 11th 2022

*Anthony Gunter*

Anthony Gunter

pro-se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY C. GUNTER

    Plaintiff,

                                           Civil Case No. 1:20-cv-03410-RDB

ALUTIIQ ADVANCED SECURITY
SOLUTIONS, LLC

    Defendant.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 12th day of October 2022 a copy of the forgoing motion to recuse Judge Rebecca Julie Rubin was sent by email and

                        Mail first class, postage pre-paid  to:

                        Larry R. Seegull ( federal Bar No. 22991 )
                        Kathleen A. McGinley ( Federal Bar No. 29150 )
                        Jackson Lewis PC
                        2800 Quarry Lake Drive, Suite 200
                        Baltimore, Maryland 21209
                        410.415.2004 (direct)
                        410.415.2001 (facsimile)
                        larry.seegull@jacksonlewis.com
                        Kathleen.mcginley@jacksonlewis.com

                        Counsel for Defendant

                        *[signature]*
                        *Anthony Gunter*

                        *Plaintiff  Pro - se*