IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY C. GUNTER,<br><br>    Plaintiff,<br>  v.<br><br>ALUTIIQ ADVANCED SECURITY SOLUTIONS, LLC,<br><br>    Defendant. | Civil Case No. 1:20-cv-3410-JRR |

**DEFENDANT'S SUPPLEMENTAL**
**MEMORANDUM IN SUPPORT OF DISMISSAL AS A SANCTION**

Defendant Alutiiq Advanced Security Solutions, LLC ("Defendant" or "AASS"), by and through its undersigned counsel, pursuant to Fed. R. Civ. P. 11, 41(b), 37(e), and this Court's Order dated October 13, 2022, seeks dismissal of Plaintiff's Fourth Amended Complaint with prejudice, and an award of monetary sanctions, payable by Plaintiff to Defendant, and so states in support:

**PROCEDURAL BACKGROUND**

Last year, Defendant filed a Motion for Sanctions against the Plaintiff for fabricating text messages that were relied upon in the Complaint, produced in discovery, and falsely testified to by the Plaintiff. (Exhibit 1.) After Plaintiff filed his Response indicating no remorse for his actions (*See* Dkt. No. 51), Defendant filed a Reply explaining that dismissal was the appropriate sanctions for Plaintiff's brazen misconduct. (Exhibit 2.) Judge Coulson then issued a Report and Recommendation which stated dismissal was not warranted because insufficient evidence existed to justify dismissal. (ECF Nos. 53.) Subsequently, after receiving leave of Court, Defendant submitted an expert report demonstrating that Plaintiff altered the print copies of text messages and deleted the electronic copies of such messages. (Exhibit 3.)  The Court then held an

evidentiary hearing, after which Judge Bennett issued a Memorandum Opinion concluding that the Plaintiff engaged in misconduct by producing the fraudulent and fabricated text messages and awarded sanctions short of dismissal.[1]  (ECF No. 68.)  Defendant complied with that Order and filed a Motion for Attorneys' Fees and Costs Arising from Order of Sanctions.  (Exhibit 4.)  Most recently, on October 6, 2022, this Court held a status conference where the Court invited additional briefing on the issue of whether dismissal is the appropriate sanction for Plaintiff's fraud and continued unwillingness to accept responsibility for his misconduct.

## ARGUMENT

As set forth in this Court's April 18th Memorandum Opinion (ECF No. 67), the Court found that the Plaintiff engaged in egregious misconduct by fabricating text messages.  For the reasons previously set forth in Exhibits 1-4, which are adopted and incorporated herein by reference, Plaintiff's conduct warrants the most severe sanction of dismissal.  In addition to the materials referenced above, prevailing federal authority indicates that the sanctions previously ordered by this Court fall short of the customary sanction associated with fabrication of evidence — dismissal.  As such, consistent with the guidance of other Courts, and pursuant to this Court's discretionary powers, Plaintiff's Fourth Amended Complaint should be dismissed with prejudice.[2]

### A.  This Court and Other District Courts in the Fourth Circuit Dismiss Cases for Fabrication and Falsification of Evidence.

As set forth below, it is customary for courts in this Circuit, including this Court, to dismiss cases where a party is found to have fabricated evidence.  Most recently, this Court dismissed an

---

[1]  The Court ordered that Plaintiff is precluded from relying on the text messages, Defendant can use the fraudulent text messages to attack his credibility, and Plaintiff shall pay for the costs associated with Defendant's expert and reasonable attorney's fees.

[2]  "Federal courts have the inherent power to dismiss an action with prejudice as a sanction." *In re Jemsek Clinic, P.A.*, 850 F.3d 150, 158 (4th Cir. 2017).

action where the plaintiff was accused of using a fabricated police report in a malicious prosecution action. *Dewitt v Ritz,* 2021 U.S. Dist. LEXIS 45869 (D. Md. 2021). Two forensic examiners reviewed the "questioned document" concluding that it was not authentic, but, rather, fabricated. *Id.* at p. 21. This Court noted that alternatives to dismissal "would be inadequate. The gravity of Plaintiff's misconduct demands application of the strongest penalty available." *Id.* at p. 35. While this Court recognized the "strong policy favoring disposition on the merits," it found that the Defendant's fabrication was "so extreme as to forfeit his right to use the [judicial] process." *Id.* at p. 37.

This Court also dismissed a case where the plaintiff submitted falsely notarized affidavits. *Green v. Mayor & City Council of Baltimore*, 198 F.R.D. 645 (D. Md. 2001). This Court noted that "no lesser sanction than dismissal could conceivably uphold the integrity of this Court as a place where the submission of false documents or testimony is not tolerated." *Id.* at p. 647. Additionally, this Court noted that "[o]nce a litigant chooses to practice fraud, that misconduct infects his cause of action." *Id.*

In a trademark and unfair competition action in Virginia earlier this year, the plaintiff attached fabricated exhibits to its Amended Complaint. *For Life Prods., LLC v. Virox Techs. Inc.*, 2022 U.S. Dist. LEXIS 93880 (W.D. Va. May 25, 2022). The Court dismissed the action, noting that, "fabrication of evidence is a 'near-classic' example of an abuse of the judicial process," and that it was "difficult to imagine a greater prejudice to the judicial system than the fabrication of evidence." *Id.* at p. 23-27.

Similarly, a North Carolina Court dismissed a case where the Plaintiff attached fabricated work journals and false affidavits to a Response to a Motion for Summary Judgment. *Sinclair v. Mobile 360, Inc.*, 2011 U.S. Dist. LEXIS 96911 (W.D.N.C. Aug. 29, 2011). In response, the Court

noted, "dismissal with prejudice was the only sanction serious enough to rectify the wrongs committed by Plaintiff." *Id.* at p. 24. And, similar to the instant case, courts have dismissed cases due to fabricated electronic messages. *See Barber v. Coastal Horizons Ctr., Inc.*, 2022 U.S. Dist. LEXIS 146912 (E.D.N.C. July 1, 2022) (Court dismissed action after it found that Plaintiff fabricated an email and produced it in discovery); *Salgam v. Advanced Software Sys.*, 2020 U.S. Dist. LEXIS 205360 (E.D. Va. July 2, 2020) (the Court dismissed Plaintiff's claims after Plaintiff was responsible for the creation and submission of falsified emails produced in discovery).

### B. Courts Outside of the Fourth Circuit Also Dismiss Cases for Fabrication and Falsification of Evidence.

The position of this Court and other Courts in the Fourth Circuit is replicated in Courts in other Circuits. Indeed, the Tenth Circuit Court of Appeals affirmed a District Court's dismissal after it found fabricated evidence by the plaintiff:

> The submission of falsified evidence substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout litigation. The prejudiced party is forced either to attempt independent corroboration of each submission, at substantial expense of time and money, or to accept the real possibility that those discovery documents submitted by the opposing party are inaccurate. Nor is the exclusion of the fabricated evidence always enough to deter discovery misconduct. Litigants would infer that they have everything to gain, and nothing to lose, if manufactured evidence merely is excluded while their lawsuit continues.

*Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1181 (10th Cir. 2009) (internal quotations and citations omitted); *see also Lee v. Trees, Inc.*, No. 3:15-cv-0165-AC, 2017 U.S. Dist. LEXIS 183443 (D. Or. Nov. 6, 2017) (falsified time-stamps on text messages produced in discovery necessitated dismissal); *Slate v. ABC, Inc.*, 941 F. Supp. 2d 27 (D.D.C. 2013) (fabrication of letter qualified as basis for dismissal); *Vargas v. Peltz*, 901 F. Supp. 1572, 1579 (S.D. Fla. 1995) ("presenting false evidence in support of her claims compels dismissal of this case."); *Amonoo v.*

4

*Sparling*, 2017 U.S. Dist. LEXIS 95485, *10 (W.D. Wis. June 21, 2017)( "if I confirm that plaintiff falsified the evidence, dismissal is the most appropriate sanction.").

Similar to Plaintiff's misconduct, in a case out of Georgia, an employee added language to communications with her employer that purported to support discriminatory intent. *Neal v. IMC Holdings, Inc.*, 2009 U.S. Dist. LEXIS 138089 (N.D. Ga. Mar. 31, 2009). Specifically, the Plaintiff fabricated an email with her employer by adding the phrase "as a mother," to the end of an email where the employer stated "Perhaps the commute to Chicago is not fitting into your lifestyle." *Id.* at 2. The Court dismissed the matter, reasoning that any lesser sanctions "are insufficient in this case where Plaintiff has proven herself an untrustworthy party." *Id.* at 7.

Accordingly, as evidenced by the foregoing cases, where a party commits egregious fraud on the court in the form of fabrication or falsification of evidence, the correct sanction is dismissal. Based on the severity of Plaintiff's misconduct, and his blatant disregard for the integrity of the judicial process, the same sanction should apply here.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Fourth Amended Complaint and award AASS attorneys' fees and costs.

Respectfully submitted,

Dated: October 18, 2022                    /s/
Larry R. Seegull (Bar No. 22991)
Kathleen A. McGinley (Bar No. 29150)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD  21209
(410) 415-2004 – Telephone
(410) 415-2001 – Facsimile
Larry.Seegull@jacksonlewis.com
Kathleen.McGinley@jacksonlewis.com

*Counsel for Defendant*

4884-4847-6217, v. 7