IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY C. GUNTER,<br><br>   Plaintiff,<br> v.<br><br>ALUTIIQ ADVANCED SECURITY SOLUTIONS, LLC,<br><br>   Defendant. | Civil Case No. 1:20-CV-03410-RDB |

**<u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY</u>**

  Defendant, Alutiiq Advanced Security Solutions, LLC ("AASS"), by and through undersigned counsel, submits this Opposition to Plaintiff's Motion to Stay (ECF No. 92.).

  In his Motion to Stay, Plaintiff asserts that a stay is proper under the factors set forth in *Belk v. Charlotte-Mecklenburg Bd. Of Education*, 1999 U.S. App. LEXIS 34574 (4th Cir. 1999). This is incorrect.

  The Court in *Belk* held that "[i]n general, a party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay." (*Id.* at *4). These factors concern a stay of an injunction pending appeal, not a stay of a monetary judgment. *See Cross v. Fleet Res. Ass'n Pension Plan*, No: WDQ-05-0001, 2007 U.S. Dist. LEXIS 99526 (D. Md. Feb. 27, 2007). In *Cross,* this Court analyzed the stay of an injunction pending appeal pursuant to the four factors in *Belk*. (*Id).* But, when analyzing the defendant's request for a stay of execution of the Court's monetary award, the Court did not apply those factors, and instead analyzed whether to waive this Court's requirement that a judgment debtor post a supersedeas bond to stay execution. (*Id.*).

1

### A. A Stay Pending Appeal Is Appropriate If Plaintiff Posts A Supersedeas Bond.

AASS will consent to a stay pending appeal if Plaintiff, pursuant to the Federal Rules and this Court's Local Rules, posts a supersedeas bond which would sufficiently protect AASS's interests.

Pursuant to Fed. R. Civ. P. 62(b), a Court may stay the entry of a judgment if the appellant provides a bond or other security. This Court's Local Rules explicitly provides that a bond filed to stay execution of a money judgment pending appeal "shall be 120% of the amount of the judgment plus an additional $500 to cover costs on appeal." *See* Local Rule 110.1(a). The purpose for requiring an appeal bond is "to preserve the status quo while protecting the non-appealing party's rights pending appeal." *CapitalSource Fin. LLC v. Pittsfield Weaving Co.*, Civil Action No. AW-06-2028, 2008 U.S. Dist. LEXIS 118409, at *3-6 (D. Md. Mar. 7, 2008).

The burden is on the movant to establish that a waiver of the bond requirement is appropriate. *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc*., 600 F.2d 1189 (5th Cir. 1979)[1]. Plaintiff has not made any such showing. He asserts only that he will suffer "irreparable harm" without any detail about this alleged irreparable harm. (ECF No. 92 at 1-2.) Plaintiff also claims that because he was granted *in-forma pauperis* status to proceed with his appeal, then he should not be required to pay the bond. In other words, he claims he does not have the funds to pay. This is wholly insufficient. In *CapitalSource, supra,* the Court noted that

---

[1] There are several factors that District Courts in this Circuit have considered in waiving appeal bonds, such as: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position. *CapitalSource Fin. LLC v. Pittsfield Weaving Co*., *supra*, at *5 (D. Md. Mar. 7, 2008). As discussed in the body of this opposition, Plaintiff has made no showing under any of these factors.

allegations that a party is unable to pay the bond amount is not enough to meet their burden for a waiver of the bond. *CapitalSource Fin. LLC v. Pittsfield Weaving Co.*, Civil Action No. AW-06-2028, 2008 U.S. Dist. LEXIS 118409, at *3-6 (D. Md. Mar. 7, 2008).

Therefore, AASS requests that this Court deny Plaintiff's Motion to Stay and require Plaintiff to post a supersedeas bond in order to stay execution of the judgment.

B. **Even If The *Belk* Factors Were Applicable, A Stay Is Not Warranted.**

Even if the *Belk* factors controlled, it is clear that Plaintiff cannot satisfy them. In his Motion to Stay. (ECF No. 92.) Plaintiff merely cites the four factors and fails to provide any arguments as to how the grant of a stay would satisfy any of the factors. He claims only that he will suffer undescribed irreparable harm and that should not be made to pay the judgment until after the appeal beacuse he is proceeding *in forma pauperis* in other aspects of this case. (*Id.*) However, the four *Belk* factors weigh against a stay in this case.

First, Plaintiff is not likely to prevail on the merits of the appeal. The record is clear that Plaintiff intentionally and knowingly created false evidence, spoliated evidence, and continually made false representations to the Court and under oath. (*See, e.g.* ECF 50-1 to 50-8, 58-1.) In his appeal, Plaintiff contends that the Court lacked authority to dismiss his case as a sanction for fabricating this evidence. This is not the case. The relevant authority is clear that a District Court possesses inherent power to dismiss cases as sanctions *sua sponte* when a party deceives the Court, which Plaintiff unquestionably did. *See Projects Mgmt. v. Dyncorp Int'l LLC*, 734 F.3d 366, 375 (4th Cir. 2013) ("[o]rders of dismissal are appropriate 'when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process'"). Here, as a result of his deceitful conduct, the Court

exercised this power and *sua sponte* sanctioned Plaintiff. Accordingly, Plaintiff cannot establish that he will prevail on his appeal.

Second, Plaintiff cannot establish that he will suffer irreparable injury if the stay is denied. "Generally, 'irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate.'" *Intendis, Inc. v. River's Edge Pharm., LLC*, Civil Action No. DKC 10-2419, 2011 U.S. Dist. LEXIS 107586 (D. Md. Sep. 22, 2011). Here, the monetary damages could not be easier to ascertain. The Court mandated that Plaintiff pay Defendant Ten Thousand Dollars ($10,000) to cover the costs associated with the engagement of forensic services and expert witness services. *See* ECF No. 86. In the unlikely event that Plaintiff is successful in his appeal, the damages associated with enforcing the judgment are clearly ascertainable, and adequate.

Third, AASS will be harmed if the enforcement of the judgment is stayed. As noted in its Motion for Attorney's Fees, ECF No. 71, AASS incurred $17,827.38 in fees and costs due to Plaintiff's wrongful conduct. However, the Court, considering Plaintiff's ability to pay, only ordered a fraction of this - $10,000.00 - to be paid by the Plaintiff. As a result, AASS has already been harmed by Plaintiff's conduct. Stay of the judgment would further delay AASS's ability to recover financially from Plaintiff's wrongful conduct.

Fourth, for these same reasons, the public interest is not served by staying the enforcement of the judgment against the Plaintiff. Plaintiff clearly engaged in deceitful conduct on this Court which resulted in AASS incurring substantial fees and costs. Staying the enforcement of the judgment would allow for Plaintiff to avoid the consequences of his actions while disadvantaging AASS – the party who proceeded truthfully before this Court.

For these reasons, Defendant requests that Plaintiff's Motion be denied unless he posts a supersedeas bond, pursuant to Fed. R. Civ. P. 62 and Local Rule 110.1(a).

Dated: May 3, 2023

/s/ _____
Larry R. Seegull (Bar No. 22991)
Kathleen A. McGinley (Bar No. 29150)
JACKSON LEWIS P.C.
2800 Quarry Lake Drive, Suite 200
Baltimore, MD  21209
(410) 415-2004 – Telephone
(410) 415-2001 – Facsimile
Larry.Seegull@jacksonlewis.com
Kathleen.McGinley@jacksonlewis.com

*Counsel for Defendant Alutiiq Advanced Security Solutions, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of May 2023, the attached Defendant's Opposition to Plaintiff's Motion to Stay was filed through the ECF system and will be served first class mail to:

Anthony Gunter
1030 Dumbarton Road
Glen Burnie, Maryland 21060

/s/ _____
Kathleen A. McGinley

*Counsel for Defendant Alutiiq Advanced Security Solutions, LLC*